[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT # 113 MOTION TO OPEN JUDGMENT # 123
 FACTS
The plaintiff, Stepney Pond Estates, Limited, filed a complaint against the defendant, the Town of Monroe, alleging the following facts. The plaintiff was the owner of real property located in Monroe. The plaintiff transferred a portion of this real property, prompting the defendant to assess and collect a conveyance tax in the amount of $58,056 pursuant to General Statutes § 12-504a(b).[1] The plaintiff paid the assessment under protest and now appeals to the Superior Court.
The plaintiff filed a motion for summary judgment as to both liability and damages, which was granted by the court, Melville,J., on October 12, 1998. At the time of the entry of judgment, the defendant's opposing memorandum, which was received in the clerk's office on October 9, 1998, was not in the court file. The defendant has filed a motion to open the judgment, which the court, in the interest of justice, treats as a motion to reargue and now grants. Accordingly, the court's previous ruling on the plaintiff's motion for summary judgment is vacated.
 DISCUSSION
Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citations omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 380-81,713 A.2d 820 (1998).
The plaintiff argues that there is no dispute as to whether the subject property was classified as "forest land" pursuant to § 12-504a at the time of the 1996 sale. Section 12-504a(b) provides that land classified by the record owner as forest land, if sold within ten years from the date of acquisition or CT Page 253 classification, whichever is earlier, shall be subject to a conveyance tax. The plaintiff contends that the disputed issue is whether the defendant properly computed the ten-year holding period to determine whether a tax was assessable on the 1996 transfer. It is the plaintiff's position that the property was classified as forest land in 1971, whereas the defendant is of the opinion that the land was classified as forest land in 1991.
The plaintiff claims that the property was designated as forest land pursuant to General Statutes § 12-107d[2] by the state forester in 1971 through application of Alexander Zimany,[3]
and that this designation remained in effect from 1971 to the sale date in 1996. The plaintiff contends that since the designation was never changed by the state forester pursuant to § 12-504h, the defendant's assessor had no discretion to assess a tax on the property in 1996 because the ten-year holding period, running from 1971, had already lapsed. The plaintiff also argues that pursuant to § 12-504h,[4] a designation of forest land remains in place until either the subject property's use changes or the subject property is sold by the record owner. The plaintiff contends that there is no claim that the use of the subject property has changed between 1971 and 1996, and therefore, a declassification can only be made based on the fact that the property was sold in 1990 to the plaintiff.[5] The plaintiff further argues, however, that the transfer of the property to the plaintiff in 1990 does not constitute a "sale," since absolute title was not transferred for a price. The plaintiff contends that when it sold the property in 1996, the forest land designation was over twenty-five years old, and therefore beyond the ten-year holding period provided for in § 12-504a(b).[6]
The defendant argues that the plaintiff acquired the property in 1990 and first classified the property as forest land in 1991. The defendant contends that since the plaintiff sold the property in 1996, it was subject to pay a conveyance tax pursuant to §12-504a(b).[7] The defendant argues that the proper way to compute the ten year holding period pursuant to § 12-504a(b) is to measure the date the record owner acquired title or the date the record owner caused the land to be classified, whichever is earlier. The defendant contends that it is irrelevant whether prior owners obtained and maintained a certain classification, since a current record owner cannot tack its time of possession onto a precedessor's time of possession to compute whether the current record owner is beyond the ten-year holding period. As CT Page 254 to the plaintiff's claim that there was no "sale" of the property, the defendant again argues that it is irrelevant whether ten or more years have elapsed since classification of the property by a prior owner, regardless of how the property was conveyed. The defendant contends that once a sale of property occurs the tax due is measured from the earlier of the date the record owner at the time of the sale first acquired the property or the date the record owner first classified it as forest land.
The plaintiff acquired the subject property from Richard and Alexandra Zimany by deed recorded December 31, 1990 for no consideration. (Motion For Summary Judgment, Exhibit E). The defendant informed the plaintiff that the plaintiff was required to file a change of title document. (Motion For Summary Judgment, Exhibit F). The plaintiff attests that it received a letter from the defendant advising the plaintiff on how to keep the forest classification. (Motion For Summary Judgment, Exhibit J ¶ 2, Affidavit of Mary E. Zimany, Secretary of Stepney Pond Estates, Ltd.). When the plaintiff telephoned the state forester to learn how to keep the forest classification, the state forester sent the plaintiff forms to report a "change of title." (Motion For Summary Judgment, Exhibit J ¶ 2). The plaintiff further avers that it never requested that the state forester re-classify the land, and that it received an amended certificate continuing the forest classification. (Motion For Summary Judgment, Exhibit H, Certificate of Land Designated as Forest Land # 2427B; Exhibit J ¶ 3). The plaintiff subsequently sold the property to Jan's Construction Co., Inc. by deed recorded February 21, 1996. (Objection To Motion For Summary Judgment, Exhibit 4).
A question of fact exists concerning whether the plaintiff re-classified the subject property as forest land in 1991 based on the defendant's instructions, or whether the plaintiff merely filed a change of title form. Thus, it is not possible for the court to determine whether the plaintiff, as the record owner of the property, re-classified the property as forest land in 1991, thereby re-starting the ten year holding period under §12-504a(b), or attempted to continue the forest classification in place from 1971 through 1990 by filing a change of title document.
 CONCLUSION
The court's prior decision on the plaintiff's motion for summary judgment should be and is hereby vacated. Furthermore CT Page 255 because there is a genuine issue of material fact as aforesaid the plaintiff's motion for summary judgment must be denied and is hereby DENIED.
MELVILLE, JUDGE